UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW T MCGILL,

    Plaintiff,

v.                                              Case No:  5:20-cv-129-Oc-40PRL

DARIAN BURKE, ALAN HAYS,
DAVID R MILES and MARTHA
MACFARLANE,

    Defendants.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MILES'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Plaintiff, MATTHEW T. MCGILL, by and through his undersigned counsel, hereby files this Memorandum in Opposition to Defendant DAVID R. MILES' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 49], and in support of his opposition states the following:

**INTRODUCTION**

    Defendant DAVID R. MILES ("Defendant" or "Miles") has moved to dismiss the Count I (Declaratory Relief as to the Legal Insufficiency of Petition 1 under Fla. Stat. § 100.361(2)(c) and (d)), Count II (Permanent Injunctive Relief as to Petition I), Count III (Declaratory Relief based on Fraudulent Signature Process under Fla. Stat. § 100.361(2)(e)), and Count VI (42 U.S.C. §1983 First and Fourteenth Amendment Retaliation) of Plaintiff's First Amended Complaint. As demonstrated below Plaintiff has adequately alleged sufficient facts to support these claims against Miles. Accordingly, Defendant's arguments relating to Counts I, II, II, and VI are without merit, and his Motion to Dismiss should be denied.

1

## STATEMENT OF FACTS

Plaintiff MATTHEW T. MCGILL ("Plaintiff" or "McGill") is a duly elected member of the council of the Town of Howey-in-the-Hills ("Town" or "Howey") [Dkt. 41 at ¶ 14]. Defendant Martha MacFarlane ("MacFarlane") is mayor of Howey. [Id. at ¶ 8]. Defendant David R. Miles ("Miles") is a citizen of Howey. [Id. at ¶ 5].

Since the beginning of his term in office, MacFarlane, along with other Town officials, including the prior mayor, has deprived Plaintiff of his First Amendment rights, both as a Town councilman and in his individual capacity. [Id. at ¶¶ 14-18, 65]. Upon information and belief, Miles and MacFarlane concocted a plan to hold a recall election against McGill in retaliation for criticizing Town policies and practices, which is protected speech under the First Amendment. [Id. at ¶¶ 18, 65]. To date, two recall petitions have been circulated by Miles. [Id. at ¶¶ 19, 52]. On April 23, 2020, this Court issued a preliminary injunction enjoining Defendants Miles, Burke, and Hays from proceeding further on the first attempt to recall McGill, finding that the petition in support of that recall effort was legally insufficient. [Dkt. 37]. Currently, there is a second recall effort pending, which McGill will be seeking to have enjoined by the Court for virtually the same reasons. [Dkt. 41 at ¶¶ 52-63; 94-98].

## STANDARD OF REVIEW

On a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Payne v. U.S.*, 2007 WL 496609, at *1 (M.D. Fla. Feb. 12, 2007) (internal citation omitted). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ditthardt v. North Ocean Condos, L.P.*, 580 F.Supp.2d 1288, 1290 (S.D. Fla. 2008). "[A] complaint's '[f]actual allegations [need only] be enough to raise a right to relief above the speculative level.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible where the Plaintiffs allege facts that "allow the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Garcia v. Cameron*, 2010 WL 5477765, at *2 (M.D. Fla. Dec. 30, 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

## ARGUMENT

**I. Plaintiff's Claims for Injunctive and Declaratory Relief as to Petition 1 Remain Valid**

Miles submits that Petition 1 is no longer at issue before this Court merely because he sent correspondence to the Lake County Supervisor of Elections stating he was abandoning it. [Dkt. 49 at ¶¶ 13 – 17]. First, "generally, in deciding a motion to dismiss, '[t]he scope of the review must be limited to the four corners of the complaint.'" *Jones v. Rodgers*, Case No: 5:18-cv-78-Oc-41PRL, at *3 (M.D. Fla. Aug. 23, 2019) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Miles filed several pages of exhibits with his Motion to Dismiss and made factual claims in his Motion related to those documents, none of which are within "the four corners" of the First Amended Complaint. Accordingly, the Court should not weigh those claims and exhibits in its decision-making process on Miles' Motion.

Nevertheless, even if the Court were to accept Miles' factual statements in his Motion and exhibits thereto as correct, his Motion to Dismiss Counts, I, II, and III must be denied. This Court has merely issued a preliminary injunction as to Petition 1. It has not yet issued a declaratory judgment nor a permanent injunction. If the Court dismissed the counts relating to Petition 1, there would be nothing stopping Miles, or any other person or entity, from resuming the recall proceedings on Petition 1 (or a new petition identical to Petition 1). Moreover, Plaintiff has claims for relief related to Counts I, II, and III, specifically, his claim for attorneys' fees and costs related to the counts, which have yet to be ruled upon by this Court. [Dkt. 41 at ¶¶ ]

Accordingly, Plaintiff is entitled to proceed with his claims relating to Petition 1 and Miles' Motion to Dismiss those counts should be denied.

## II. Plaintiff Adequately Pled a Claim under § 42 U.S.C. 1983 against Defendant

### A. Miles was a willful participant in a state action

Miles claims that because he is a private citizen that he is not a state actor and therefore cannot be held liable under § 42 U.S.C. 1983. However, he is a citizen of Town who, as alleged in Plaintiff's First Amended Complaint, worked in conjunction with MacFarlane to retaliate against McGill for engaging in activity protected by the First Amendment.[Dkt. 41 ¶¶ 18, 65].

The case at bar is strikingly similar to *Smith v. Winter*, 782 F.2d 508 (5th Cir. 1986). In *Smith*, three elected members of the county board of education brought a suit in response to an attempt to recall them from their elected offices. The county superintendent of education worked on the recall effort with 20 individuals who were merely citizens of the county. The complaint alleged the superintendent and the 20 individuals, amongst others, "'conspired' to 'have [the elected officials] unlawfully removed from office' by . . . misusing the recall process. The complaint alleged that [the superintendent, the county clerk, and the 20 individuals] undertook to censor appellants' free speech rights in support of [the superintendent] who was displeased because appellants had criticized his performance in office." *Smith*, 782 F.2d at 510. The Fifth Circuit found the plaintiffs' allegations that the 20 individuals had conspired with the town officials who were acting in their official capacities was sufficient to state a 1983 claim against the individuals as "a 'willful participant in joint action' with a state official to deprive on of his constitutional rights acts under color of state law even though he is not himself an officeholder." *Id.* (quoting *Dennis v. Sparks*, 449 U.S. 24 (1980)).

### B. Plaintiff adequately stated a claim for First Amendment Retaliation

"To state a claim for retaliation for the exercise of First Amendment rights a plaintiff must establish that: (1) the speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) a causal connection existed between the

4

retaliatory conduct and the adverse effect on speech." *Bethel v. Town of Loxley*, 221 Fed. Appx. 812, 813 (11th Cir. 2006) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)).

1. Protected Speech

In addressing whether speech or conduct is protected by the First Amendment, a court must determine if the individual's speech or action was a matter of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). However, when an individual's speech regards matters of government policies and practices, such speech is a matter of public concern. *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1563 (11th Cir. 1995).

In his First Amended Complaint, Plaintiff alleges, "MacFarlane became upset and angry with Plaintiff because he chose to engage in legitimate criticism of the way she discharged or failed to discharge her duties." [Dkt. 32 at ¶ 15). This is clearly protected speech. *Smith*, 782 F.2d at 511-512, *fn. 22-23* (5th Cir. 1986) (finding plaintiff adequately pled a claim for First Amendment retaliation based on plaintiff's "legitimate criticism of the way [defendant, the superintendent of schools,] discharged or failed to discharge his duties.").

Additionally, whether speech addresses a matter of public concern is a "question of law to be determined by the content form and context of a given statement, as revealed by *the whole record."* *Connick v. Myers,* 461 U.S. 138, 147-48, (1983) (emphasis added). Accordingly, the issue of whether the speech pled in McGill's complaint is protected is not an issue that can be decided on a motion to dismiss.

2. Adversely affected the protected speech

Plaintiff adequately pled that Defendant's retaliation adversely affected his speech. Should the recall election, which is the retaliatory conduct at issue, be successful, Plaintiff's ability to speak on

5

behalf of his constituents will be forever quashed, thereby chilling his right to engage in protected speech.

    3. Causal connection

Plaintiff also adequately pled a causal connection between Defendant's retaliatory acts and his damages, that is having to undergo the recall election, as the First Amended Complaint states, "upon information and belief, Defendant Miles created Committee with the assistance of, and at the request of, Defendant MacFarlane." [Dkt. 32 at ¶ 18.]

Based on the foregoing, Miles' Motion to Dismiss as to Count VI should be denied.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant Miles' Motion to Dismiss Plaintiff's First Amended Complaint. Alternatively, Plaintiff respectfully requests the Court grant him leave to amend the First Amended Complaint as to the allegations against Defendant Miles.

Respectfully submitted this 26th day of May 2020.

                                                          */s/ April S. Goodwin*
                                                          APRIL S. GOODWIN, ESQ.
                                                          FLORIDA BAR NO: 0502537
                                                          The Goodwin Firm
                                                          801 West Bay Drive, Suite 705
                                                          Largo, FL 33770
                                                          *Attorney for Plaintiff*
                                                          Phone: (727) 316.5333
                                                          april@goodwin-firm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Patricia Rego Chapman, Esquire, Dean, Ringers, Morgan & Lawton, P.A. Post Office Box 2928, Orlando, Florida 32802-2928, PChapman@DRML-Law.com, Douglas T. Noah, Esquire, Dean, Ringers,

Morgan & Lawton, P.A. Post Office Box 2928, Orlando, Florida 32802-2928, DNoah@drml-law.com, Joseph R. Fitos, Esquire, Gray Robinson, P.A., 301 E. Pine Street, Suite 1400, Orlando, FL 32801, joseph.fitos@gray-robinson.com; Thomas J. Wilkes, Esq., Gray Robinson, P.A., Post Office Box 3068, Orlando, FL 32802-3068, tom.wilkes@gray-robinson.com; Diana Masters Johnson, Esq., Lake County Attorney's Office, P.O. Box 7800, Tavares, FL 32778-7800, dmjohnson@lakecounty.org Steven C. Pratico, Esq., Buchanan Ingersoll & Rooney, P.C., 401 E. Jackson Street, Suite 2400, Tampa, FL 33602-5236, steven.practico@bipc.com.

                                                    */s/ April S. Goodwin*
                                                    April S. Goodwin, Esq.
                                                    Florida Bar No. 0502537